IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS CLIFTON LINDSEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 7:09-CV-95 (HL) |
| | : | |
| | : | |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| LPN ARONNA WELSH; | : | |
| JAMES CAMON; CLARICE HOOD; | : | |
| ALAN CARTER; Mrs. BROWN; | : | |
| DONNIE THOMPSON; | : | |
| STATE OF GEORGIA; GEORGIA | : | |
| DEPARTMENT OF CORRECTIONS; | : | |
| MEDICAL COLLEGE OF GEORGIA; | : | |
| NASHVILLE, GEORGIA, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **THOMAS CLIFTON LINDSEY**, an inmate at Southwest Probation Detention Center in Moultrie, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee and is responsible for payment of the full filing fee as is described in the Court's Order filed on this same date.

### I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A,  a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11ᵗʰ Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff was incarcerated at the Robert L. Patten Probation Detention Center from April 15, 2008 until February 19, 2009. Plaintiff states that in the late fall of 2008 he was on a work detail at the City of Nashville Maintenance Department and suffered two separate work related injuries to his back. Plaintiff states that while he was "shoveling 'hot patch' by hand from a front loader to a lengthy asphalt road repair," he felt something "pop" in his back. "The second incident involved the unloading of a cast iron park bench." Plaintiff states that, while unloading the bench, he fell when another inmate pushed the bench toward him.

Plaintiff maintains that he submitted a health service request form when he returned to Robert L. Patten Probation Detention Center. Plaintiff states that Dr. Moody ordered an x-ray of his back and prescribed medication for back pain. Plaintiff states that the medication did not alleviate his pain. According to plaintiff, the x-ray showed a "congenital defect of the lower spine" and Dr. Moody issued him a limited medical profile card that restricted heavy lifting, turning or bending.

Plaintiff states that he was reassigned to work as a dorm orderly but his back pain continued. Plaintiff maintains that he submitted another medical request form but Nurse Welsh refused to let him see Dr. Moody and refused to treat plaintiff's back condition.

Plaintiff states that "he wrote Nurse Welsh a 3 page letter outlining [his] concerns" and desire to be treated. Plaintiff states that as a result, he was finally able to see Dr. Moody again in

February 2009 and Dr. Moody "agreed that something was very seriously wrong with [his] back and ordered a program of physical therapy to be held at Augusta State Medical Prison."  Plaintff states that also as a result of his letter to Nurse Welsh, James Camon retaliated against him by transferring him to Southwest Probation Detention Center.

Plaintiff states that upon his arrival at Southwest Probation Detention Center, he was seen by Nurse Hood.  According to plaintiff, Nurse Hood refused to treat his back and refused to let him see a neurologist.  Plaintiff states that she also refused to send him to Augusta State Medical Prison as Dr. Moody had ordered and, instead, sent him to Calhoun State Prison for therapy.  Plaintiff apparently complained to Alan Carter, the Superintendent of the Southwest Probation Detention Center.  However, Mr. Carter would not assist him.

Plaintiff states that the therapy was not what Dr. Moody had ordered and that Nurse Practitioner Brown "refused to answer or address any of [his] questions."  Plaintiff also states that she denied all of his medications for a two week period and his physical therapy was "suddenly cancelled or discontinued."  Plaintiff apparently complained about the lapse of medical care to the Warden, Dannie Thompson, however, he received no help or response to his complaints.

Plaintiff states that he "has spent the past eight to nine (8-9) months of confinement in a tremendous state/amount of pain and suffering."

Plaintiff seeks injunctive relief and damages.

The Court notes that plaintiff has named the State of Georgia, Georgia Department of Corrections and the Medical College of Georgia as defendants.  However, "the Eleventh Amendment bars a §1983 action against a state and its agencies 'regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief'." ***Maolud v. Sikes***, No. 1:06-CV-1043 (JEC), 2006 U.S. Dist LEXIS 22734, at *3-4 (N. D. Ga. Oct. 24, 2006 )(quoting ***Stevens v. Gay***, 864 F.2d 113, 115 (11th Cir. 1989)); ***See also Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71

(1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Plaintiff has also named the City of Nashville.  To establish municipal liability, plaintiff is required to show that the City of Nashville has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994).  He must also show a direct causal link between the alleged policy and the constitutional deprivations. *City of Canton, Ohio v. Harris*, 489 U.S. 387 (1989).  Plaintiff has shown no such link between the City of Nashville and his alleged Eighth Amendment violations or his alleged retaliatory transfer.

Accordingly, the Undersigned **RECOMMENDS** that the State of Georgia, the Georgia Department of Corrections, the Medical College of Georgia, and the City of Nashville, Georgia be DISMISSED from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 17th  day of August, 2009.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb