# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

THOMAS CLIFTON LINDSEY, :
:
    Plaintiff, :
:
VS. :
: **7 : 09-CV-95 (HL)**
LPN ARONNA WELSH, *et al*., :
:
    Defendants. :

## RECOMMENDATION

    Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by the Defendants. The Plaintiff filed this action on July 29, 2009, raising allegations regarding his confinement at detention centers in the Georgia Department of Corrections system between April 2008 and July 2009. (Doc. 2). Plaintiff alleges that he suffered a back injury during work details in the fall of 2008 while confined at Robert L. Patten Probation Detention Center ("Patten PDC") in Lakeland, Georgia, and that he was subsequently denied proper medical care for his back injuries and conditions while confined at Calhoun State Prison and Southwest Probation Detention Center ("Southwest PDC") in Moultrie, Georgia.

    The Defendants have filed a motion to dismiss, alleging that Plaintiff has failed to exhaust administrative remedies. A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the

2

> complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion and the Plaintiff's response reveals a conflict. Plaintiff maintains that he attempted to exhaust his administrative remedies by filing a grievance at Southwest PDC and a grievance at Calhoun State Prison, but never received a response from officials regarding either grievance. The Defendants contend that Plaintiff never filed any form of grievance regarding the claims underlying this lawsuit, either at Patten or Southwest PDC or at Calhoun State Prison. Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

The Defendants contend, supported by the affidavit testimony of grievance coordinators at Patten and Southwest PDC and Calhoun State Prison, that Plaintiff failed to file any grievance of any type regarding the events and claims underlying this lawsuit. In opposition to this contention, the Plaintiff has submitted a copy of a grievance he allegedly filed at Southwest PDC on April 2, 2009. (Doc. 38, Exh. A, p.6). Plaintiff also asserts that he filed an informal grievance at Calhoun State Prison on or about June 15, 2009, of which he has no record or copy. Plaintiff maintains that he received no response from prison officials regarding either grievance filing, despite sending numerous letters to officials regarding the alleged filing of these grievances. (Doc. 38, Exh. A, B).

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available remedies to grieve the alleged offenses of the Defendants. The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of grievance systems at each place of Plaintiff's confinement and establishes that the Plaintiff filed no grievances regarding the events in question during his confinement at either Patten PDC, Southwest PDC, or Calhoun State Prison. This affidavit testimony references the filing of only one grievance, albeit by another detention center inmate with the last name "Lindsey" apparently confined at Patten PDC in 2008, and provides that no grievances were filed by the Plaintiff. Although the Plaintiff maintains that he filed a confidential detainee grievance form on April 2, 2009 while confined at Southwest PDC, Southwest's Grievance Coordinator Susan Crawford's search revealed no grievances of record for the Plaintiff. (Doc. 32, Exh. 2). The copy of the grievance form submitted by the Plaintiff does not bear any number, date or other marking indicating that it was officially received and processed, nor does he submit a receipt for the actual filing of such a grievance, which would have been provided upon a proper filing. (Doc. 2-1, Exh. E).

Although Plaintiff also asserts that he filed an informal grievance at Calhoun State Prison, he admits that he has no receipt for this filing, which again would have been provided to the prisoner once he properly filed the grievance. (Doc. 32, Exh. 3). The evidence before the Court shows that although the Plaintiff may arguably have taken some initial steps to file grievances, he did not properly complete these steps, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion". *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.*

4

The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies.

To the extent that the Plaintiff argues that administrative remedies were unavailable to him by virtue of officials' alleged failure to respond to either grievances or letters, the Court notes that remedies will be deemed "available" under the PLRA whenever "there is the possibility of at least some kind of relief." *Johnson v. Meadows*, 418 F.3d 1152, 1155-56 (11th Cir. 2005). The Georgia Department of Corrections' procedures governing the grievance process in its prisons provides for the waiver of grievance timeliness requirements upon a showing of good cause, and clearly states that "[w]here the Warden/Superintendent's response time is exceeded, the inmate may appeal his grievance to the Commissioner's office, unless a one time ten day extension has been authorized and the inmate is notified of such extension by the Grievance Coordinator." Georgia Dep't. of Corrections SOP IIB05-0001 § VI (A)(11), (C)(2) and (D); Doc. 32, Exh. 3. Thus, the grievance procedures would have allowed the Plaintiff to make a showing of good cause to file additional grievances and would have allowed the Plaintiff to appeal his grievance at Calhoun State Prison directly to the Commissioner's office.

However, the evidence before the Court establishes only that the Plaintiff completed a grievance form while detained in a probation detention center. Although the first step of the grievance procedure for probation detention centers provides for the completion of a grievance form, the grievance process specifically provides that a detainee must "fill out the form completely and turn it in to the Grievance Coordinator." Georgia Dep't. of Corrections SOP IIE06-0001 § VI (B), (D). There is no evidence supporting the Plaintiff's assertion that he turned the grievance in to the proper authorities, nor is there any evidence that he completed or

5

attempted to complete steps two and three of the detention center grievance process. *Id.*

Similarly, there is no evidence before the Court that the Plaintiff completed any of the three (3) levels of the prison grievance procedure, other than Plaintiff's unsupported assertion that he completed an informal grievance while confined at Calhoun State Prison. Although the Plaintiff has submitted a letter that he allegedly sent to Georgia Department of Corrections Commissioner Brian Owens dated July 20, 2009, this letter references only Plaintiff's detention center grievance and does not appear to appeal his prison grievance. (Doc. 38, Exh. B). This letter is not the equivalent of an appeal recognized as part of the Georgia Department of Corrections prison or probation detention center grievance processes; the letter does not reference plaintiff's prison grievance allegedly filed at Calhoun State Prison, and the detention center grievance process does not provide for an appeal to the Commissioner. *See* Georgia Dep't. of Corrections SOP IIE06-0001 § VI .

Moreover, in order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable). Herein, there is no indication that Plaintiff's access to the grievance processes was prohibited by detention center or jail officials, by means of threat or otherwise.

Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 16th day of August, 2010.

                                          s/ *THOMAS Q. LANGSTAFF*

                                          **UNITED STATES MAGISTRATE JUDGE**