# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| THOMAS CLIFTON LINDSEY, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| VS. | : | 7 : 09-CV-95 (HL) |
| LPN ARONNA WELSH, *et al*., | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are various motions filed by the Plaintiff and Defendants. The Plaintiff filed this action on July 29, 2009, raising allegations regarding his confinement at detention centers in the Georgia Department of Corrections system between April 2008 and July 2009. (Doc. 2). Plaintiff alleges that he suffered a back injury during work details in the fall of 2008 while confined at Robert L. Patten Probation Detention Center ("Patten PDC") in Lakeland, Georgia, and that he was subsequently denied proper medical care for his back injuries and conditions while confined at Calhoun State Prison and Southwest Probation Detention Center ("Southwest PDC") in Moultrie, Georgia.

*Motions to Amend*

Plaintiff has filed two motions to amend (Docs. 29, 30), wherein he seeks to amend the claims set out in his original complaint. The first of these motions was filed on November 2, 2009, prior to the filing of the Defendants' pre-answer motion to dismiss on November 10, 2009. In this motion, the Plaintiff seeks to add the following defendants: Keith Jackson, Correctional Officer; Lt. James Akins, Chief of Security and Classifications Chairman; Laura Payne, mental health counselor;

and Robert Stacey Byrd, counselor.

Pursuant to the version of Rule 15(a) of the Federal Rules of Civil Procedure which was in effect when the Plaintiff filed his complaint and filed his first motion to amend, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served".[1]  Inasmuch as responsive pleadings were not filed prior to the court's receipt of the Plaintiff's motion, the court has no discretion to deny said motion to amend.  Accordingly, said motion is hereby **GRANTED**.  (Doc.  29).

However, the court finds that the Plaintiff's proposed amendment is insufficient to state claims of constitutional magnitude against the proposed defendants.  Plaintiff's sole allegation against Byrd is that Byrd made a threat of retaliatory transfer against the Plaintiff.  Such an allegation fails to state a claim of constitutional magnitude, as verbal abuse or threats alone are insufficient to a state a claim pursuant to § 1983.  *Edwards v.  Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir 1989); *McFadden v.  Lucas*, 713 F.2d 143, 146 (5th Cir.  1983) (mere threats do not amount to a violation of a federal constitutional right); *Blanchard v.  Chase*, 2008 WL 595954 (M.D.Ga.  CAR) (allegations of verbal abuse and threats do not state claims under § 1983).  Plaintiff raises no specific claims against Akins, stating only that Akins is Chief of Security and Classifications.  Similarly, Plaintiff's claims

---

[1]The Court is applying the version of Rule 15(a) which was in effect when Plaintiff filed his motions to amend.  Rule 15 was amended effective December 1, 2009, and by order of the Supreme Court dated March 26, 2009, the December 1, 2009, amendments "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."  Application of the current version of Rule 15 is not just and practicable herein, as Plaintiff clearly relies on the prior version in arguing to have his complaint amended.   The Court notes that application of the current version of Rule 15 would not yield a different result, i.e., the court would still find that the Plaintiff was entitled to amend his complaint once as of right and that his second motion to amend was unnecessary under the current version of Rule 15.

against Jackson and Payne fail to raise specific allegations sufficient to support claims under § 1983. Plaintiff states only that Jackson was the supervisor of the work details wherein Plaintiff was allegedly injured and that Jackson is liable for a failure to supervise, with no specific allegation regarding Jackson's involvement beyond supervision. "[A] constitutional claim against supervisory officials cannot be based on vicarious liability or respondeat superior. The only avenue for holding an official liable based on their supervisory capacity is showing that the official participated in the wrongful conduct or establishing a causal connection between the supervisor's actions and the unconstitutional actions." *Dickerson v. Hambrick*, 2007 WL 4564102 (N.D.Ga) (citing *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003)). Plaintiff alleges that Payne, a mental health counselor, made a statement to the Plaintiff regarding his financial past and that Payne was thus connected to Plaintiff's assignment to the work details in question. Neither of these sets of allegations present claims of constitutional magnitude against these Defendants. Accordingly, it is the recommendation of the undersigned that Defendants Byrd, Akins, Jackson, and Payne be **DISMISSED** from this action.

    Plaintiff's second proposed amendment appears to be a clarification of the claims set forth in his original complaint, specifically clarifying that he seeks compensatory damages from the Defendants in the amount of $1,000,000.00 and setting out his continuing medical conditions. In light of the leniency afforded *pro se* prisoner complaints and the pleading standards governing § 1983 claims, the Plaintiff's second motion to amend his complaint is unnecessary. The Federal Rules of Civil Procedure provide that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." *Fed. R. Civ. P.* 54 (c). Should the Plaintiff ultimately prevail in this action the Court will reassess Plaintiff's request for increased damages against the defendants named herein.

Inasmuch as Plaintiff's proposed amendment does not add to or change the factual or legal bases of his claims as presented in his original complaint, his second Motion to Amend, and any actual amendment, is unnecessary and is hereby **DENIED**. (Doc. 30).

*Motions for protective order and stay of proceedings*

The Defendants have filed a motion for protective order and stay of the proceedings, based on the pendency of their Motion to Dismiss. (Doc. 31). The Defendants filed their Motion to Dismiss on November 10, 2009, and the discovery period was set to end on or about February 8, 2010. Neither party has sought either an extension or a reopening of said period. Inasmuch as the discovery period has already ended herein, and in light of the undersigned's recommendation that Defendants' Motion to Dismiss be granted, Defendants' motion for protective order and stay of the proceedings is hereby **DENIED**.

*Plaintiff's objections and motion for reconsideration*

Plaintiff has filed two (2) "motions" objecting to his custodians' failure to withhold funds from his prison account for the payment of the filing fee herein, and objecting to Defendant Brown's failure to respond to his complaint. (Docs. 42, 43). Plaintiff has also filed a Motion for Reconsideration of the Court's order denying his request for the appointment of counsel. (Doc. 47). Plaintiff's Motion for Reconsideration of the Court's earlier denial of his request for the appointment of counsel is hereby **DENIED**, as the Plaintiff has failed to point to any changes in the circumstances of this proceeding such that the appointment of counsel is now required. Plaintiff's objections to the management of his prison fund and Defendant Brown's failure to file a response herein are noted, but these filings present nothing for the Court to rule upon. To the extent that these filings appear as pending motions, said filings are hereby **DENIED**.

4

*Motion for default judgment*

Plaintiff also seeks the entry of default judgment against Defendant Brown, a nurse practitioner. (Doc. 45). Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The entry of default or default judgment is not appropriate herein, as Defendant Brown has not yet been served with process; only waiver of service forms, along with copies of the complaint and summons, have been mailed to this Defendant, and a personal service attempt was unsuccessful. No answer or responsive pleading is yet required. *See Fed. R. Civ. P.* 4(d). Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED**.

*Motion for service*

Plaintiff also seeks service by publication of Defendant Brown, as the Court's efforts to have this defendant personally served have proven unsuccessful. (Doc. 49). A Process Receipt and Return form evidences a personal service attempt on Defendant Brown by the U.S. Marshal's Service in December 2009, using the Calhoun State Prison address based on Plaintiff's contention that Brown was an employee of Calhoun State Prison. (Doc. 44). Process was returned unexecuted on January 7, 2010, with the notation that Mrs. Brown was last employed at Calhoun State Prison in October 2009 and was no longer employed at Calhoun State Prison. *Id.* The plaintiff is hereby **ORDERED and DIRECTED** to provide the court with a current address, and full name if possible, for Defendant Brown. Upon receipt of such information, the court will order personal service on this defendant using the current address. The plaintiff shall have **until August 31, 2010**, to provide this information to the court or face possible dismissal of this defendant. Plaintiff's Motion seeking service by publication of Defendant Brown is hereby **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED and RECOMMENDED**, this 16th day of August, 2010.

        s/ *THOMAS Q. LANGSTAFF*

        **UNITED STATES MAGISTRATE JUDGE**

asb